UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ROBERT SMITH,                           )<br><br>       Plaintiff,                    )<br>                                        )<br>v.                                      )<br>                                        )<br>COLUMBUS, GEORGIA              )<br>CONSOLIDATED GOVERNMENT;    )<br>STATE OF GEORGIA; and JULIA    )<br>SLATER, District Attorney in her    )<br>individual capacity,                     )<br>                                        )<br>       Defendants.                   )<br>⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽ ) | CIVIL ACTION<br>FILE NO. _____<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiff Robert Smith ("Plaintiff") files this Complaint against Defendants

Columbus Consolidated Government ("CCG"), State of Georgia ("the State"), and

District Attorney Julia Slater ("Slater"), in her individual capacity, (collectively

"Defendants") showing the Court as follows:

## **INTRODUCTION**

1.

Plaintiff was formerly employed by Defendant Columbus Consolidated

Government ("CCG"). Plaintiff is an African-American male.  During the course

of his employment, Plaintiff suffered race and gender discrimination based on failure to promote and disparate treatment.  Defendant Julia Slater as an actor of Defendant State of Georgia refused to promote Plaintiff because of his race and gender. In addition, Plaintiff was terminated in retaliation for filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

2.

This is an action for race discrimination and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), race discrimination and retaliation in violation of  42 U.S.C. § 1981, and unlawful discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.  Plaintiff seeks injunctive and declaratory relief, back pay and lost benefits, front pay or reinstatement, compensatory damages and punitive damages, and attorney's fees and costs of litigation to remedy these civil rights violations.

**JURISDICTION AND VENUE**

3.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1981 and Title VII. Jurisdiction is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. §

1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

4.

The unlawful violations of Plaintiff's civil rights were committed within the Middle District of Georgia. Venue is proper in this Court under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), as every act of which Plaintiff complains occurred in the Columbus Division of the United States District Court for the Middle District of Georgia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.

Plaintiff has satisfied all administrative prerequisites to perfect his claims of discrimination under Title VII.  Specifically, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued a notice of right to sue.

6.

Plaintiff brings this suit within ninety (90) days of receipt of his notice of right to sue.

## PARTIES

7.

Plaintiff Robert Smith, an African-American male, is now and was at all times relevant to this action, a citizen of the United States entitled to bring actions of this type and nature. Plaintiff Robert Smith is now and was at all times relevant to this action a resident of the State of Georgia.

8.

Defendant Columbus Consolidated Government ("CCG") is a government authority for the City of Columbus, Georgia that lies within the Middle District of Georgia and is subject to this Court's jurisdiction. The District Attorney's Office is a joint function between the CCG and the State of Georgia. CCG may be served with a copy of this Complaint and process by serving Mayor Teresa Tomlinson at the Office of the Mayor, 6th Floor, Government Center Tower, 100 10th Street, Columbus, Georgia 31901.

9.

Defendant State of Georgia is a joint employer with the Columbus Consolidated Government. At all times relevant to this action, District Attorney for Columbus, Georgia, Julia Slater, acted as an employee of the State of Georgia. The

State of Georgia may be served with a copy of this Complaint and process by serving Sam Olens at the Office of the Attorney General, 40 Capitol Square, SW, Atlanta, Georgia 30334.

10.

Defendant Julia Slater, at all times relevant to this action, held the position of District Attorney in Columbus, Georgia. Slater resides in the Middle District of Georgia and may be served with process at her residence at 1255 Forest Avenue, Columbus, Georgia 31906-2535.

**STATEMENT OF FACTS**

11.

Plaintiff began working for Defendant Columbus Consolidated Government in the District Attorney's Office for the Chattahoochee Judicial Circuit as a criminal investigator on February 2, 2012.

12.

At the time when Plaintiff was hired, he was one of eight criminal investigators in the office. Seven of the investigators were White. Plaintiff was the sole African-American criminal investigator.

13.

Plaintiff has approximately seventeen (17) years of law enforcement experience, including, but not limited to the following: Lead Faculty for the Criminal Justice Program at University of Phoenix, Police Officer and Special Needs Narcotics Agent, Operational Review Specialist for the Florida Juvenile Justice Department, and Criminal Investigator.

14.

Plaintiff has a Georgia POST certification, and two Masters Degrees, one in criminal justice and the other in public administration.

15.

Plaintiff has Bachelor's degree in criminal justice with three minors in homeland security, sociology and criminal justice administration.

16.

On September 16, 2013, the District Attorney, Julia Slater ("Slater") advertised for the position of state-paid investigator.

17.

The posting for the position stated, "This position must be filled by a POST certified applicant. That being said, I would like to hear from anyone interested in

this position and will consider sending an applicant to the law enforcement academy if they are the best fit for the position."

18.

On September 16, 2013, Plaintiff applied for the position by email.

19.

On October 22, 2013, Slater emailed Plaintiff and asked him to list his salary placement, asking if that impacted his interest in the position.

20.

On October 23, 2013, Plaintiff emailed Slater that he would like to move forward in the state investigator position, and that the salary was more than he was making at the time.

21.

On or about June 19, 2014, Slater selected a White female candidate for the position, Beth White ("White").

22.

White was not post-certified at the time she was selected for the position.

23.

White was a secretary in the District Attorney's office. White had no law

enforcement experience or investigation experience.

24.

The chief prosecutor Alonzo Whitaker, Assistant District Attorney Lerae Moore, and Assistant District Attorney Jennifer Dunlap all recommended to Slater that Plaintiff be hired for the state investigator position.

25.

Defendants subjected Plaintiff to unlawful discriminatory treatment based on his race.

26.

Plaintiff was not selected for the state paid investigator position because of his race.

27.

Defendants terminated Plaintiff because of his race, African-American.

28.

Defendants terminated Plaintiff on March 2, 2015, because he filed a Charge of Discrimination alleging race and gender discrimination with the Equal Employment Opportunity Commission.

29.

Defendants' decision not to promote Plaintiff violated Title VII and Section 1981 and was done with malice or with reckless indifference to the federally protected rights of Plaintiff.

## COUNT I
## 42 U.S.C. § 1981 – Race Discrimination
### *Against All Defendants*

30.

All preceding paragraphs are incorporated herein by reference.

31.

At all times material to this Complaint, Plaintiff and Defendants were parties to an employment agreement under which Plaintiff worked for the District Attorney's office and the District Attorney's office compensated him for his work.

32.

Plaintiff performed his obligations under his employment agreement.

33.

42 U.S.C. § 1981 prohibits Defendants from discriminating against Plaintiff on the basis of race with regard to the making and enforcing of his employment agreement with Defendants.

34.

The above-pled discriminatory conduct toward Plaintiff, including, but not limited to, the denial of the opportunity to apply and/or be considered for promotion to the state investigator position and disparate treatment based on race constitute unlawful race discrimination against Plaintiff in the terms and conditions of his employment in violation of 42 U.S.C. § 1981.

35.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981 by terminating his employment because of his race.

36.

Defendants undertook their conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, or additionally, and in the alternative, undertook their conduct recklessly with respect to Plaintiff and his federally protected rights entitling them to recover punitive damages against Defendants.

37.

As a direct and proximate result of the Defendants' violations of 42 U.S.C. 1981, Plaintiff has suffered damages including lost compensation and other

benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

## COUNT II
### Title VII – Race Discrimination
*Against Defendant Columbus Consolidated Government and Defendant State of Georgia*

38.

All preceding paragraphs are incorporated herein by reference.

39.

At all relevant times, Plaintiff was an "employee" as defined by Title VII, 42 U.S.C. § 2000e *et seq.*

40.

Defendants CCG and State of Georgia are "joint employers" within the meaning of  Title VII, 42 U.S.C. § 2000e *et seq.*

41.

Plaintiff is a member of a protected class; he is African-American.

42.

Defendants discriminated against Plaintiff because of his race including, but not limited to promotional opportunities.

-11-

43.

Plaintiff applied for a state investigator position.

44.

Plaintiff met the qualifications for the state investigator position, and had nearly seventeen (17) years of experience relevant to the position.

45.

Defendants selected a White female, Beth White, for the position.

46.

Beth White neither met the qualifications for the position nor had relevant work experience. Beth White had no investigation or law enforcement experience.

47.

Defendants discriminated against Plaintiff by failing to promote him to the state investigator position on the basis of race during his employment.

48.

The race discrimination to which Plaintiff was subjected by Defendants is in violation of Title VII, thus entitling him to all appropriate relief provided under the statute.

49.

Defendants' actions were willful, deliberate, and intended to cause Plaintiff harm and/or were committed with reckless disregard of the harm caused to Plaintiff, and were in derogation of his federally protected rights.

50.

As a result of Defendants' conduct, Plaintiff suffered lost wages and benefits and has suffered mental and emotional distress.

51.

Plaintiff was damaged by Defendants' actions in an amount to be proven at trial.

## COUNT III
### Title VII – Sex Discrimination
*Against Defendant Columbus Consolidated Government and Defendant State of Georgia*

52.

All preceding paragraphs are incorporated herein by reference.

53.

At all relevant times, Plaintiff was an "employee" as defined by Title VII, 42 U.S.C. § 2000e *et seq.*

54.

Defendants CCG and State of Georgia are "employers" as defined by Title VII, 42 U.S.C. § 2000e *et seq.*

55.

Plaintiff is a member of a protected class; he is male.

56.

Defendants discriminated against Plaintiff because of his sex including, but not limited to promotional opportunities.

57.

Plaintiff applied for a state investigator position.

58.

Plaintiff met the qualifications for the state investigator position, and had nearly seventeen (17) years of experience relevant to the position.

59.

Defendants selected a White female, Beth White, for the position.

60.

Beth White neither met the qualifications for the position nor had relevant work experience.  Beth White had no investigation or law enforcement experience.

61.

Defendants discriminated against Plaintiff by failing to promote him to the state investigator position on the basis of sex during his employment.

62.

The sex discrimination to which Plaintiff was subjected by Defendants is in violation of Title VII, thus entitling him to all appropriate relief provided under the statute.

63.

Defendants' actions were willful, deliberate, and intended to cause Plaintiff harm and/or were committed with reckless disregard of the harm caused to Plaintiff, and were in derogation of his federally protected rights.

64.

As a result of Defendants' conduct, Plaintiff suffered lost wages and benefits and has suffered mental and emotional distress.

65.

Plaintiff was damaged by Defendants' actions in an amount to be proven at trial.

## COUNT IV
## 42 U.S.C. § 1981 – Retaliation
### *Against All Defendants*

66.

All preceding paragraphs are incorporated herein by reference.

67.

Plaintiff and Defendants were parties to an employment agreement under which Plaintiff worked for Defendants and Defendants compensated him.

68.

Plaintiff performed his contractual obligations.

69.

42 U.S.C. §1981 prohibited Defendants from terminating Plaintiff for opposing racially discriminatory treatment and practices.

70.

As a direct and proximate result of Defendants unlawful actions, the Plaintiff has suffered damages, including lost wages and emotional distress.

71.

Defendants violated 42 U.S.C. § 1981 willfully, wantonly, and intentionally to harm Plaintiff and his federally protected rights. Additionally and in the

-16-

alternative, Defendants acted with reckless disregard for the aforementioned

Plaintiff and his federally protected rights.

**COUNT V**
**42 U.S.C. § 1983 – Denial of Equal Protection of the Laws on the Basis of**
**Race in Violation of the Fourteenth Amendment to the United States**
**Constitution**
*Against All Defendants*

72.

All preceding paragraphs are incorporated herein by reference.

73.

Plaintiff is a member of a protected class and was not promoted on the basis

of his race.

74.

Defendant discriminated against Plaintiff on the basis of his race by failing

to promote him and promoting a less qualified White employee, Beth White, on

the basis of race. Defendants did so in violation of clearly established

constitutional and statutory authority that such actions are a violation of the law.

75.

The conduct of Defendants in failing to promote Plaintiff on the basis of his

race while promoting a less qualified White female with less education, and less

experience, violates Plaintiff's right to the equal protection of the laws as granted by the Fourteenth Amendment to the United States Constitution.

76.

Defendant's proximately caused the above-pled violations of Plaintiff's rights and did so acting under the color of state law and local ordinances, regulations, customs, and usages of the Columbus Consolidated Government in violation of 42 U.S.C. § 1983.

77.

Plaintiff was damaged by Defendants actions in an amount to be proven at a jury trial.

78.

Plaintiff is entitled to the relief set forth in the prayer for relief below.

**COUNT VI**
**42 U.S.C. § 1983 – Denial of Equal Protection of the Laws on the Basis of Sex**
**in Violation of the Fourteenth Amendment to the United States Constitution**
*Against All Defendants*

79.

All preceding paragraphs are incorporated herein by reference.

80.

Plaintiff is a member of a protected class and was not promoted on the basis of his sex.

81.

Defendant discriminated against Plaintiff on the basis of his sex by failing to promote him and promoting a female, Beth White, on the basis of sex. Defendants did so in violation of clearly established constitutional and statutory authority that such actions are a violation of the law.

82.

The conduct of Defendants in failing to promote Plaintiff on the basis of his sex while promoting a less qualified White female with less education, and less experience, violates Plaintiff's right to the equal protection of the laws as granted by the Fourteenth Amendment to the United States Constitution.

83.

Defendant's proximately caused the above-pled violations of Plaintiff's rights and did so acting under the color of state law and local ordinances, regulations, customs, and usages of the Columbus Consolidated Government in violation of 42 U.S.C. § 1983.

-19-

84.

Plaintiff was damaged by Defendants actions in an amount to be proven at a jury trial.

85.

Plaintiff is entitled to the relief set forth in the prayer for relief below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and respectfully requests that the Court:

A.      adjudicate and declare that Defendants have violated Plaintiff's federally protected rights as pled above;

B.      permanently enjoin Defendants from committing similar violations in the future;

C.      award Plaintiff back pay, including all lost wages and benefits, pay increases Plaintiff would have received absent his unlawful termination, and all other benefits of employment reducible to a dollar value;

D.      award Plaintiff pre-judgment and post-judgment interest as required by law;

E.    award Plaintiff compensatory damages for emotional pain and

suffering as determined by the enlightened conscience of a jury;

F.    award Plaintiff punitive damages against Defendant Slater in an

amount to be determined by the trier of fact;

G.    order Defendants to reinstate Plaintiff with all compensation and

benefits made retroactive to his last day of employment or, in lieu of

same, award front pay;

H.    award Plaintiff his reasonable attorneys' fees and expenses; and

I.    grant such additional relief as may be proper and just.


Respectfully submitted,

s/ Edward D. Buckley
Georgia Bar No. 092750
edbuckley@buckleybeal.com
Pamela E. Palmer
Georgia Bar No. 882599
ppalmer@buckleybeal.com

BUCKEY BEAL, LLP
Promenade, Suite 900
1230 Peachtree Street NE
Atlanta, Georgia 30309
Telephone:  (404) 781-1100
Facsimile:  (404) 781-1101
Counsel for Plaintiff